UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**GAYLE N. ROBBINS**

      **Plaintiff,**

v.                                **CASE NO.:** _____

**FORD MOTOR COMPANY,**
Serve: The Corporation Company
       120 South Central Avenue
       Clayton, MO 63105         **JURY TRIAL DEMANDED**

      **Defendant.**
_____/

## COMPLAINT

COMES NOW, Plaintiff, GAYLE N. ROBBINS (hereinafter referred to as "plaintiff or Gayle Robbins"), by and through his undersigned counsel, and hereby files this cause of action against the Defendant, FORD MOTOR COMPANY (hereinafter referred to as "Defendant or Ford"), and in support thereof says:

### INTRODUCTION

On or about October 4, 2010, Gayle Robbins was the driver of a 1996 Ford F-150, VIN Number 1FTEF14N5TLA01244 (hereinafter "the F-150") when the F-150 hit a tree. Although Gayle Robbins was properly wearing his available shoulder and lap belt, the driver's airbag and/or debris associated with the airbag of the F-150 struck Gayle Robbins, exploding his right eyeball. This action is brought against Ford to recover all damages to which Gayle Robbins is entitled as a result of the severe injuries and damages he sustained as set forth herein.

## PARTIES

1. Gayle Robbins is an individual and resident of the State of Missouri who resides in St. Francois County, Missouri.

2. Ford is a Delaware corporation conducting business in the State of Missouri. Defendant may be served with process by serving its registered agent, The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

## JURISDICTION AND VENUE

3. The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorney fee.

4. This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332.

5. As described more fully below, a substantial part of the events giving rise to this claim occurred within the federal judicial Eastern District of Missouri.

6. Venue is proper in the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. At all times material hereto, Defendant, Ford, was engaged in the business of designing, manufacturing selling and distributing the F-150.

5. At all times material hereto, Ford placed the F-150 and/or its driver's restraint system in the stream of commerce for sale in the State of Missouri to the general public as ultimate consumers.

6. Ford designed and manufactured the F-150, installed the driver's restraint

system and sold the F-150.

7. Defendant Ford is conducting business in this State, is engaged in the business of manufacturing, marketing and selling motor vehicles and/or parts thereof in this State and have committed tortious acts in this State by its design, manufacture, assembly, marketing, distribution and sale of the F-150 for ultimate distribution, sale and use within this State.

8. As a direct and proximate result of the defects in the driver's restrain system, Gayle Robbins suffered enhanced injuries in the collision that he would not have otherwise suffered, including, but not limited to, loss of his right eye.

9. As a direct and proximate result of the defects in driver's restraint system, Gayle Robbins has suffered scarring, disfigurement, pain, suffering, emotional distress, mental anguish, loss of enjoyment of life, lost wages, future lost wages, and a loss or impairment of his future earning capacity.

10. As a direct and proximate result of the defects in the driver's restraint system, Gayle Robbins had incurred substantial medical expenses to obtain the necessary care and treatment for his injuries, including, but not limited to, emergency care and transportation, surgical procedures, rehabilitation, therapy and medication.

11. As a direct and proximate result of the defects in the driver's restraint system, Gayle Robbins will be required to spend additional amounts on future medical treatment, medication, therapy and care.

## CLAIMS FOR RELIEF

### COUNT I
### PRODUCT LIABILITY – STRICT LIABILITY

12. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-11 as if fully pleaded herein.

13. The F-150 was designed, manufactured, distributed and sold by Ford in the ordinary court of its business.

14. Prior to the crash on October 4, 2010, the F-150 was in substantially the same condition as it was when it left the control of Ford.

15. At the time the F-150 left the control of Ford, and at the time Gayle Robbins was injured, the F-150 was in a defective condition and unreasonably dangerous when put to a reasonably anticipated use.

16. At the time the F-150 left the control of Ford and at the time Gayle Robbins was injured, the F-150 was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

17. Specifically, the F-150 was unreasonably dangerous to Gayle Robbins and other consumers or users by reason of defects in the design and/or manufacture of its driver's restrain system, including the seatbelt, airbag and sensing system which deployed the airbag.

18. At the time of the collision in this case, the F-150, including the driver's restraint system, was being used by Gayle Robbins in a reasonably foreseeable manner anticipated and intended by Ford.

4

19. The F-150 and its driver's restraint system were defective and unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer.

20. As a direct and proximate result of the defective condition of the F-150 and its driver's restraint system as existed when sold, Gayle Robbins has suffered and will continue in the future to suffer the injuries and damages described above.

21. The conduct of Ford and the decisions made relating to the unsafe design, manufacture and sale of the F-150, including its driver's restraint system was oppressive, fraudulent, malicious, grossly negligent, and therefore entitles Gayle Robbins to punitive damages.

WHEREFORE, Gayle Robbins demands judgment against Ford for damages, court costs, jury and interest on unpaid medical bills.

## COUNT II
## PRODUCT LIABILITY – NEGLIGENCE

22. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-21 as if fully pleaded herein.

25. Ford breached its duty of care and was thereby negligent in each of the following respects:

    A. Ford failed to use ordinary care to design and/or manufacture the F-150 and its driver's restraint system to be reasonably safe and to safely, property and adequately restrain passengers in reasonably foreseeable types of collisions; and/or properly and adequately restrain passengers in reasonably foreseeable types of collisions.

B. Ford failed to use ordinary care to adequately warn of the risk of harm from the inability of the F-150 and its driver's restraint system to safely, properly and adequately restrain passengers in reasonably foreseeable types of collisions.

26. As a direct and proximate result of the above-described negligence of Ford, Gayle Robbins has suffered and will continue in the future to suffer the injuries and damages described above.

27. The conduct of Ford and the decisions made relating to the unsafe design, manufacture and sale of the F-150, including its restraint system, and the failure of Ford to warn or instruct regarding the dangerous nature of the F-150, including its restraint system, was oppressive, fraudulent, malicious, grossly negligent, and therefore entitles Gayle Robbins to punitive damages.

WHEREFORE, Gayle Robbins demands judgment against Ford for damages, court costs, jury and interest on unpaid medical bills.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted on this 1st day of September, 2015.

                              DeFeo & Kolker, LLC

                              */s/ Daniel T. DeFeo*

Daniel T. DeFeo, MO #35161
G. Dominic DeFeo, MO #67481
DeFeo & Kolker, LLC
2600 Grand Blvd, Suite 1000A
Kansas City, MO 64108
Telephone: (816) 581-4600
Facsimile: (816) 581-4646
7700 Bonhomme, Suite 350
St. Louis, MO 63105
ddefeo@defeokolker.com
gdefeo@defeokolker.com