UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GAYLE N. ROBBINS,                    )
    Plaintiff,                        )
                                     )
v.                                   )  Case No. 4:15CV1360 HEA
                                      )
FORD MOTOR COMPANY,                  )
                                      )
    Defendant,                        )

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the remaining Defendant's Motion for
Summary Judgment. [Doc. No. 45].  Plaintiff opposes the Motion. On March 20,
2017, the Court heard oral arguments on the Motion.  For the reasons that follow,
the Motion is denied.

Plaintiff filed his Complaint seeking damages from Defendant on theories of
Product Liability-Strict Liability and Product Liability-Negligence.  Plaintiff
claims his 1996 Ford F150 was defective in that when he hit a tree, debris
associated with the airbag allegedly struck him, causing injuries including the loss
of his right eye.

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant
a motion for summary judgment if all of the information before the court
demonstrates that "there is no genuine issue as to any material fact and the moving
party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir.2000) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir.2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir.1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the

benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir.2005). The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir.2000). However, the court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976).

The evidence in the record before the Court contains conflicting testimony regarding whether a foreign object caused Plaintiff's eye injury. Likewise, evidence exists that demonstrates conflicting positions as to what that foreign object may be. Although Defendant is not precluded from revisiting these issues, at this time, the Court concludes that summary judgment is not proper. Genuine disputes of material facts exist which precludes entry of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 45], is **DENIED**.

Dated this 30th day of March, 2017.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE