UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAYLE N. ROBBINS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:15CV1360 HEA |
| | ) |
| FORD MOTOR COMPANY | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 97], filed on September 29, 2017, a copy of which was served upon Plaintiffs by U. S. Mail.  Plaintiff has also failed to respond to the order of this court issued on November 14, 2017 [Doc. No. 101]. For the reasons set forth below, the claims of Plaintiff are dismissed.

Federal Rule of Civil Procedure 41(b) provides in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." **Link v. Wabash R.R. Co.**, 370 U.S. 626, 629 (1962). "A district judge may even, *sua sponte*, and

without notice to the parties, dismiss a complaint for lack of prosecution, and such dismissal is largely a matter of the judge's discretion." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) citing *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.1966). "It is the plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with prejudice as a sanction for his unjustified conduct. Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *West* at 524. Moreover, involuntary dismissal under Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits. F.R.C.P. 41(b); *see also* *Boyle v. American Auto Service, Inc.*, 571 F.3d 734 (8th Cir. 2009); *Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F.Supp.2d 1217 (M.D. Fl. 2007); *Powell v. Global Marine, LLC*, 671 F.Supp.2d 830 (E.D. La. 2009); *Shapiro v. U.S.*, 951 F.Supp. 1019 (S.D. Fl. 1996).

This is not the only time where Plaintiff has failed to comply with this court's order requiring Plaintiff to secure new counsel. Plaintiff has had ample opportunity and the court has granted Plaintiff's request for additional time to secure counsel. This Plaintiff has not done

To this date no attorney has entered an appearance on behalf of the Plaintiff. Plaintiff has been proceeding in a *pro se* capacity. Plaintiff has failed to comply with the Court order requiring new counsel to enter an appearance.

Accordingly,

**IT IS HEREBY ORDERED,** pursuant to Rule 41(1)(b) of the Federal Rules of Civil Procedure,  that Defendant's Motion to Dismiss Plaintiff's claims  is granted and this matter is dismissed for failure to prosecute.

Dated this 28th day of November, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE